IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| RONALD LEBER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 16-817 |
| | ) | Judge Nora Barry Fischer |
| TIMOTHY SCOTT KREGER, | ) | |
| Defendant. | ) | |

**ORDER OF COURT**

AND NOW, this 18th day of October, 2016, upon consideration of Defendant Timothy Scott Kreger's Motion to Dismiss, (Docket No. [10]), and Brief in Support, (Docket No. [11]), Plaintiff Ronald Leber's Brief in Opposition, (Docket No. [13]), and after reviewing the allegations set forth in Plaintiff's Amended Complaint, (Docket No. [4]), in light of the standards governing motions to dismiss set forth by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and as articulated in Third Circuit precedent, *see e.g.*, *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016),

IT IS HEREBY ORDERED that Defendant's Motion [10] is GRANTED, IN PART, and DENIED, IN PART. Defendant's Motion to Dismiss Plaintiff's § 1983 excessive force claim at Count I is denied as the Court finds that Plaintiff has set forth sufficient allegations to state a plausible claim that Officer Kreger's actions in directing Plaintiff to remain in his car and thereafter intentionally slamming the car door, causing injury to his arm, constituted an actionable "seizure" under Third Circuit jurisprudence. *See United States v. Brown*, 448 F.3d 239, 245 (3d Cir. 2006)

1

(quoting *California v. Hodari D.*, 499 U.S. 621, 626, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991)) ("A seizure occurs when there is either (a) 'a laying on of hands or application of physical force to restrain movement, even when it is ultimately unsuccessful,' or (b) submission to 'a show of authority.' Put another way, when a seizure is effected by even 'the slightest application of physical force,' it is immaterial whether the suspect yields to that force."); *see also Couden v. Duffy*, 446 F.3d 483, 496 (3d Cir. 2006) (citations omitted) ("The use of excessive force is itself an unlawful 'seizure' under the Fourth Amendment"). Defendant's Motion to dismiss Plaintiff's negligence claim at Count III is granted because the Court finds that Defendant is entitled to immunity from such claim under the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8541 *et seq.*, and that the sole exception raised by Plaintiff, the personal property exception, is not relevant to this case as the only claim for damages relates to injury to Plaintiff's person and not to any damage caused to his personal property in possession of Defendant. *See Southersby Dev. Corp. v. Township of South Park*, 2015 WL 1757767 at *9-11 (W.D. Pa. Apr. 15, 2015); *see also* 42 Pa.C.S. § 8542(b)(2) ("The only losses for which damages shall be recoverable under this paragraph are those property losses suffered with respect to the personal property in the possession or control of the local agency.").

IT IS FURTHER ORDERED that Defendant shall file his Answer to the remaining claims in Plaintiff's Amended Complaint (Count I - § 1983 excessive force; and Count II – battery), by **<u>November 1, 2016</u>**.

<em>s/Nora Barry Fischer</em><br>Nora Barry Fischer<br>United States District Judge

cc/ecf: All counsel of record